Houck, J.
This action is one to vacate a judgment for $3,832, rendered in favor .of the defendant in error, Edward F. Luteman, and against the plaintiffs in error, James I. McCullough et al., which judgment was entered on August 6, 1916, upon a cognovit note of the date of February 19, 1913.
On the 21st day of September, 1918, the plaintiffs in error filed their petition in the common pleas court of Knox county, asking that the aforesaid judgment be vacated for the reason that it was obtained upon a cognovit note without summons being *208 issued, and that the note was procured by Luteman from them through fraud and false representations and without any consideration or value whatsoever. To this petition Luteman filed answer, being in substance a general denial.
At the time of the filing of the petition to vacate the judgment in question the petitioners tendered their written answers, setting up several alleged defenses as against the cognovit note upon which judgment was taken.
Upon the issues thus raised the cause was submitted to the trial judge, who found in favor of Lute-man, and refused to vacate the judgment..
Counsel for plaintiffs in error in their petition in error set forth six reasons why the judgment below should be reversed, but in oral argument urge none but the following: An abuse of discretion on the part of the trial judge, and that the judgment is against the manifest weight of the evidence.
We have read all the oral testimony and documentary evidence, as contained in the sixty pages of the bill of exceptions, and from them we find that the trial court “let the bars down” in the way of admitting testimony tendered in the case, in an endeavor to get at the respective claims of the parties thereto and to ascertain whether or not any of the legal rights of the petitioners had been violated in the granting of the judgment now before us under review.
A proceeding to vacate a judgment is in its nature special, but is provided for by statutory enactment; and the court in its hearing of same must first try and decide the question whether or not any ground exists for the vacation of a challenged judgment. An inspection of the record wall, in some instances, *209 determine the question, while in other cases it is necessary to offer testimony. But in every case it is a question to he tried and determined by the court.
Section 11636, General Code, provides :
“The court must try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action.”
It will be observed that the preliminary question to be tried and passed upon by the court is whether or not grounds exist for the vacation of the judgment attacked. If upon such hearing the court finds that no such grounds exist, that is the end of the case so far as the trial court is concerned. Therefore it would not be necessary for the court to pass upon the question whether or not the answer tendered by the petitioners contained a good and meritorious defense to the original action.
The aim and purpose of the statute just referred to, as well as of the rule herein laid down, is to relieve courts from setting aside their judgments for mere technical reasons. However, in the case now before us, the judgment was taken- by confession, on warrant of attorney, and since judgments, by confession without antecedent process have no basis other than by statutory provision, which is in derogation of the common law, therefore a strict compliance with the statute is essential, and courts exercise equitable -supervision over judgments entered upon warrants of attorney, and should, in a proper case, and upon a proper showing, by motion or petition, vacate such judgments, in order that a trial of issuable facts may be had as the ends of justice may require.
*210 Yet we hold the fixed rule to be that every reasonable presumption is in favor of the validity of a judgment, whether taken after process issued, or by confession on warrant of attorney; and no presumption of irregularity or fraud attaches to such judgment, but such claim, if established, must be by at least the weight of the evidence in favor of the attacking party.
After all, the question as to the vacation of a judgment addresses itself, in most cases, to the sound discretion of the chancellor, and such action will not be disturbed by a reviewing court except for a clear abuse of such discretion.
After a careful review of the record now before us, we are fully satisfied that the trial judge did not abuse his discretion, and that the judgment below is sustained by the great weight of the evidence. In reaching this conclusion we have kept in mind the fact that judgments of courts should and must have a large degree of sanctity attached to them, and before they can be disturbed the right to do so should be clear, the injury palpable, and the evidence convincing. Therefore, the party assailing a judgment, in order to obtain any relief, should make a clear case, and if but a mixed case is made it is not sufficient.
In view of What we have already said it is manifest that upon the record here presented the judgment of the common pleas court should be affirmed, and it is the unanimous opinion of this court that it be done.

Judgment affirmed.

Shields and Patterson, JJ., concur.