Day, J.
 

 The errors relied upon to reverse the
 
 *329
 
 judgment of the courts below in this case may be grouped under tbe following heads:
 

 (1) That tbe common pleas court erred in vacating tbe judgment of dismissal and in reinstating tbe case on December 7, 1921, after tbe same bad been dismissed without prejudice on December 4, 1919.
 

 (2) That tbe court of common pleas erred in overruling tbe motion of tbe defendant to strike from tbe petition of tbe plaintiff, among other things, tbe allegation that tbe decedent “said Julia Stephan sustained a broken rib, a puncture of tbe right lung, two severe lacerations on tbe right side of her bead.”
 

 (3) That the court of common pleas erred in admitting evidence tending to prove tbe allegations of tbe petition describing tbe injuries sustained by decedent.
 

 (4) That tbe court of common pleas erred in giving in writing, at the request of tbe plaintiff, certain charges of law before argument.
 

 Of these in their order:
 

 '¡Should tbe judgment of tbe court of common pleas have been reversed for vacating the judgment of dismissal and for reinstating the case, as appears by tbe entry of December 7, 1921?
 

 It is well established that, in order to justify a reversal by a reviewing court of a judgment rendered by a court of inferior jurisdiction, error must affirmatively appear to the prejudice of the party complaining. In order to ascertain whether prejudicial error exists, we are bound by tbe disclosures of tbe record.
 

 We find that on December 4, 1919, tbe case was
 
 *330
 
 dismissed without prejudice at the plaintiff’s cost, for which judgment was rendered against him; that on October 28, 1921, a motion to set aside and vacate the judgment of dismissal of December 4, 1919, and to reinstate for claimed irregularities in obtaining such judgment or order of dismissal, was filed by the plaintiff, based upon the lack of any knowledge by the administrator or the father or mother of the decedent that the case was set for trial; that the affidavits of the father and mother to that effect were filed in support thereof; that this motion was overruled on November 15, whereupon, on December 6, 1921, a motion for a rehearing was filed, wherein movant claimed he had learned
 
 additional facts
 
 to which he desired to call the court’s attention, and moved for a rehearing of the motion to reinstate the case, upon which rehearing he moved the court for an order to reinstate the case and set aside and vacate the judgment of dismissal theretofore rendered; and that on the day following the court made this entry on its journal:
 

 “The motion by the plaintiff for rehearing of plaintiff’s motion to vacate dismissal and to reinstate the case is granted, and this case is reinstated on the docket. The defendant excepts.”
 

 The record is entirely silent as to what evidence the court acted upon, or what showing was made to the court upon this rehearing. It was doubtless something entirely different from the matters disclosed in the affidavit of- the father and mother theretofore filed when the court first heard the motion to reinstate, and denied the same. "We are advised by the motion for the rehearing that it
 
 *331
 
 was for the purpose of giving the court “additional facts,” and all we know is that after having heard this motion for a rehearing the court granted the prayer of the same and reinstated the case.
 

 Now, the presumption of the law is that the action of the court is legal until the contrary affirmatively appears, and the burden is upon one who claims the existence of error to affirmatively so show.
 

 We are quite in accord with the view that the affidavit of the father and mother would not have been sufficient; but without assuming that the court did not have before it good and sufficient legal grounds for its action we are powerless to disturb the judgment for error in this regard, the presumption of the law being that the court acted regularly and in accord with good and sufficient legal grounds. Without going outside the record we can find no grounds to reach a contrary conclusion, and, since the court had jurisdiction to set asida and vacate the judgment rendered at a former term, and to reinstate the case, and there is nothing in the record to show that the jurisdiction was improperly exercised, and error does not affirmatively appear in that regard, we are constrained to the conclusion that there was no error arising from the reinstatement.
 

 It is urged in the brief of counsel for plaintiff in error that the action was voluntarily dismissed by the plaintiff. The Code provides that actions may be dismissed without prejudice at the request of the party, or by the court when the plaintiff
 
 *332
 
 fails to appear on the trial. Section 11586, General Code.
 

 Now, it appears by the motion of the plaintiff below, filed October 28, 1921, “that at the time this action was dismissed without prejudice neither
 
 he
 
 nor the said Theresa Stephen and Louis Stephen had any knowledge of the fact that said case was set for trial.” But, again, the record is silent as to whether the court dismissed the action without prejudice, upon its own motion, or whether it was done at the request of the. plaintiff, and the same principle must apply, that, until error affirmatively appears we must assume that the court acted in accordance with proper legal principles.
 

 For the reason that error does not affirmatively appear in the record in the action of the court of common pleas in granting the motion for a rehearing and reinstating the case, and that to so hold we would have to go outside the record in the case, our conclusion is that this first ground of reversal must be denied.
 

 In support of this conclusion reference may be made to many authorities, but the following will suffice:
 
 Little Miami Rd. Co.
 
 v.
 
 Collett,
 
 6 Ohio St., 182, 183;
 
 Ohio Life Ins. & Trust Co.
 
 v.
 
 Goodin,
 
 10 Ohio St., 557;
 
 McHugh
 
 v.
 
 State,
 
 42 Ohio St., 154;
 
 Dallas
 
 v.
 
 Ferneau,
 
 25 Ohio St.,
 
 635.
 

 While we reach the conclusion above indicated, there is another reason why the error complained of by the trial court in reinstating the case under date of December 7, 1921, might not avail the plaintiff in error.
 

 It is well settled in this state that final disposition of a motion for vacation of a judgment, though
 
 *333
 
 made at a term subsequent to that wherein the judgment sought to be vacated was rendered, is a final order.
 
 Huntington & McIntyre
 
 v.
 
 Finch,
 
 3 Ohio St., 445;
 
 Hettrick
 
 v.
 
 Wilson,
 
 12 Ohio St., 136, 80 Am. Dec., 337;
 
 Braden
 
 v.
 
 Hoffman,
 
 46 Ohio St., 639, 22 N. E., 930;
 
 Van Ingen
 
 v.
 
 Berger,
 
 82 Ohio St., 255, 92 N. E., 433, 19 Ann. Gas., 799;
 
 Chandler & Taylor Co.
 
 v.
 
 Southern Pac. Co.,
 
 104 Ohio St., 188, 194, 135 N. E., 620.
 

 The above cases, while recognizing the control by the court of its journals and docket during term, all concede that vacation of a judgment after term is a final order. This being so, it must follow that by virtue of Section 12270, General Code, no proceeding to reverse, vacate, or modify a judgment or final order shall be commenced unless within 70 days after the entry of the judgment or final order complained of.
 

 As said by Judge Spear in
 
 Van Ingen
 
 v.
 
 Berger,
 
 82 Ohio St., at page 259, 92 N. E., 434, 19 Ann. Cas., 799:
 

 “The order does affect a substantial right in a summary application after judgment, and in that sense is a final order. * * * But for such order the plaintiff would have been entitled in law to the immediate fruits of his judgment. Of this right the order deprived him.”
 

 Therefore the plaintiff in error need not have waited for a trial upon the merits of the controversy and awaited the conclusions of such, a hearing, but was entitled to the fruits of his judgment theretofore rendered, if the law vouchsafed the same to him. Not having seen fit to take advantage of his opportunity to have the correctness of
 
 *334
 
 the court’s ruling tested within the time prescribed by the law, he has slumbered upon his rights, and has lost the same. So that upon this ground, as well as for the reasons heretofore stated, this ground of error must be denied.
 

 It may be suggested that the record fails to show compliance with Section 11637, General Code, providing that a judgment shall not be vacated upon motion or petition until it is adjudged that there is a valid cause of action or defense. The record does show that notice of the application was given the defendant, and the exception preserved at the granting of the motion shows that he must have been present at the hearing or its determination.
 

 The record also shows that the court had the affidavits of Louis Stephan, father of the decedent, .to the effect:
 

 “That at the time of bringing said action he believed that he had a good cause of action against the defendants for the death of his daughter and that he still believes that he has a good cause of action against said defendants, and he now desires to prosecute the same and has always intended to furnish the necessary evidence to the court and jury for the purpose of the trial of said action.”
 

 And the court had also the affidavit of the mother, Theresa Stephan, to the same effect.
 

 What further evidence the court considered upon the point that plaintiff had a good cause of action the record does not disclose, save and except the inference that the conclusion reached was correct, because when trial was had upon the merits a
 
 *335
 
 verdict of $2,000 was returned for the plaintiff. We feel, however, that the following rule, announced in
 
 Dallas
 
 v.
 
 Ferneau, supra,
 
 at page 637, justifies our determination:
 

 “It does not affirmatively appear on the record that no evidence was produced tending to prove the performance of the labor, or the sale and delivery of the goods, or the value of the several items, neither does the statement of the record necessarily exclude the presumption, that testimony was heard and considered by the court for the purpose named, and hence it will be presumed, where such presumption may be necessary to sustain the judgment of a court having jurisdiction of the person and subject matter, that such evidence was heard and considered.”
 

 The second and third grounds relied upon relate to the allegation in the petition that “said Julia Stephan sustained a broken rib, a puncture of the right lung, two severe lacerations on the right side of her head.”
 

 Now this was an action for damages for death by wrongful act, and the averment complained of was doubtless not necessary to state a cause of action; yet we are not prepared to say that prejudicial error intervened because this irrelevant matter appeared in the petition and was not stricken out upon motion. As was said in
 
 Long
 
 v.
 
 Newhouse,
 
 57 Ohio St., 348, at page 367, 49 N. E., 79, 80:
 

 “We fail to perceive that there was any error prejudicial to the defendant in the court refusing to sustain the motion to strike out portions of the plaintiff’s petition. The petition may contain
 
 *336
 
 some irrelevant matters, but they could not have prejudiced the defendant in making a defense to the plaintiff’s claim.”
 

 Evidence tending to show the nature and extent of the child’s injuries might be a proper subject of inquiry before the jury upon the question of the position in which the decedent was when struck by the automobile, as bearing upon both the question of negligence of plaintiff and the negligence of the decedent herself, there being some conflict of testimony as to whether the machine struck her or she herself ran into the side of the machine. At any rate, we do not believe that the jury were influenced by this averment being in the petition, nor did excessive damages result by reason of the testimony in this regard. The testimony might have some probative value, and we do not think the court erred in receiving same. While, as above indicated, the averment in question was not necessary to the stating of a cause of action, the refusal to strike it out does not appear to have been prejudicial error.
 

 This brings us to the fourth and last ground, and that is the charges before argument, which were as follows:
 

 “(1) If you find from the evidence that the driver of the automobile in question was driving the same at a rate of speed greater than that allowed by the laws of Ohio, he was guilty of negligence as a matter of law, and, if such rate of speed caused the injury to the decedent, the plaintiff is entitled to recover in this action.
 

 “(2) The laws of Ohio in force at the time of the accident described in the petition make it un
 
 *337
 
 lawful to operate an automobile in a municipality at a rate of speed greater than 15 miles an hour, and make it unlawful to operate an automobile in a closely built-up section of such municipality at a rate of speed greater than 8 miles an hour. If you find from the evidence that at the time of this accident the automobile in question was being operated at a rate of speed greater than 8 miles an hour, and you further find that this accident occurred in a closely built-up section of the city, and that such rate of speed caused the injury to the decedent, your verdict must be for the plaintiff.”
 

 Both of these instructions are based upon the principle of law announced in
 
 Schell
 
 v.
 
 Du Bois, Admr., 94
 
 Ohio St.,
 
 93, 113
 
 N. E., 664, L. R. A., 1917A, 710:
 

 “The violation of a statute passed for the protection of the public is negligence
 
 per
 
 se,. and where such act of negligence by a defendant is the direct and proximate cause of an injury not directly contributed to by the injured person, the defendant is liable”’
 

 Of course it is quite true that neither instruction contained the qualification as to the negligence of the decedent herself, but its omission would not necessarily be erroneous.
 

 In the general charge, the court instructed the jury:
 

 “If the evidence shows that the injury resulted proximately from the negligence and want of care of the deceased, or shows that she was guilty of negligence that caused or contributed to cause the injury complained of, that would bar plaintiff from
 
 *338
 
 a recovery and your verdict should be for the defendant.”
 

 It is to be noted that in both instructions given before argument the jury were told that if the preponderance of the evidence showed “that such rate of speed caused the injury to the decedent” the plaintiff would be entitled to recover, thus making the true and proximate cause of the injury to the decedent the unlawful speed at which the defendant was operating the car.. This makes such unlawful speed not only the cause of the decedent’s injury, but eliminates by inference the idea that her injury was caused in some other way; as, for instance, her own negligence, or contributory negligence.
 

 Again, it may be observed that this court has held that paragraph 5, General Code, ¡Section 11447, pertaining to instructions before argument, “does not contemplate that such written instruction should cover every branch and feature of a case on trial, including the effect of an affirmative defense of payment, settlement or release.”
 
 Swing, Trustee,
 
 v.
 
 Rose,
 
 75 Ohio St., 355, 369, 79 N. E., 757, 760.
 

 The defenses of the negligence or contributory negligence of the decedent are affirmative defenses, and, applying the doctrine of
 
 Swing
 
 v.
 
 Rose, supra,
 
 the instructions complained of would not be objectionable, even though they did not cover the issues raised by such affirmative defenses as claimed by defendant, present plaintiff in error.
 

 Thus, when the entire instructions, both before and after argument, are taken in conjunction, we feel that the jury were properly instructed in the
 
 *339
 
 premises, and that no prejudicial error intervened by reason of the special requests before argument.
 

 As to the question of agency, that is to say, as to whether or not the driver of the machine, Bela Bloch, was the agent of the owner, Theodore Makranczy, plaintiff in error herein and defendant below, the same observation as to the instructions given by the court in its general charge is applicable. So much of the instruction as to agency as will indicate what the jury were told in that regard is contained in the following excerpt from the general charge, in which the court did not fail to point out the necessity for plaintiff to show by a preponderance of all the evidence the agency of Bela Bloch, the driver, for the owner and defendant below:
 

 “So the first question to be taken up and considered by the jury is whether or not Bela Bloch was on the business and in the employment of the defendant, Theodore Makranczy, at the time of the accident.
 

 “The burden of establishing that allegation by a preponderance of the evidence is upon the plaintiff. I suggest that you take up that issue first, for the reason, if after considering all of the evidence on that issue, you find from a preponderance of the evidence that Bela Bloch was on the business and in the employment of the defendant, then you will proceed with the other issues of the case. However, after considering all of the evidence on that issue, if the plaintiff fails to establish that by a preponderance of the evidence, that would end your consideration of the case. In other words, if the plaintiff establishes that by
 
 *340
 
 that degree of proof, whatever act Bela Bloch performed in connection with the operation of the automobile at the time and place, if on the business and in the employment of the defendant, would be the act of the defendant himself. However, if the plaintiff fails to establish that by a preponderance of the evidence, then the acts of Bela Bloch in the operation of that car at the time and place would not, as a matter of law, be the acts of the defendant, but the act of Bela Bloch. Theodore Makranczy being the defendant, and Bela Bloch not being a defendant, the defendant could not be held liable as a matter of law.”
 

 The record further fails to show any special instructions asked by the plaintiff in error in the respects complained of, and reveals that such requests as were asked by Makranczy were given by the court.
 

 The record further shows, upon inquiry by the court:
 

 “Is there anything further, Mr. Vickery, on the part of the plaintiff?
 

 “Mr. Vickery: No.
 

 “Mr. Byrnes (counsel for plaintiffs in error): We have nothing further to suggest.
 

 “The Court: Ladies and gentlemen, you will take the case.
 

 “Mr. Byrnes: General exception to the charge.”
 

 We are therefore of opinion that the fourth ground of error complained of is not sufficient to justify us in disturbing the judgment rendered herein.
 

 Upon the entire record, we have reached the conclusion that the Court of Appeals was right
 
 *341
 
 in affirming the judgment of the court of common pleas, and its judgment in so doing should be, and is,hereby, affirmed.
 

 Judgment affirmed.
 

 Wanamaker, Jones, Matthias, and Allen, JJ., concur.