No. 168
HORWITZ et v. MURRI
Ohio Appeals 8th Dist., Cuyahoga Co.
No. 7047. Decided Jan. 24, 1927
677. JUDGMENTS—It is error for a court of common pleas to enter a final judgment of vacation on a motion to vacate a judgment of a previous term for irregularity in obtaining such judgment.

First Publication of this Opinion

SULLIVAN, J.

This case came to the Court of Appeals from the Cuyahoga Common Pleas and the principal question to be determined is whether the court committed prejudicial error in suspending judgment on a petition to vacate, after term, without a strict and substantial compliance with the statutes and authorities governing the suspension and vacation of judgments of the Court of Common Pleas after term, on any of the grounds enumerated in 11631 GC., et seq.

The Court of Appeals held:

1. The court suspended the judgment theretofore rendered on a statutory application to vacate, without first deciding the grounds upon which the application was made, and then, having found such grounds to exist, to determine prior to suspension or vacation of the judgment, whether there was a valid, as distinguished from a meritorious defense.

2. Sec. 11637 GC. provides that a judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered.

3. The court of common pleas has an inherent right to set aside its judgments during the term, and this is not merely on the grounds enumerated in 11631 GC. for vacating after term, but for any other reason, limited only by a sound discretion. Bank v. Smith, 102 OS. 120.

4. In an action to vacate a judgment, the court must first decide whether grounds exist to vacate, and if found not to exist, the case ends, it being unnecessary to pass on the merits of the answer. McCullough v. Luteman, 15 App. 207; 32 O. C. A. 168.

5. The proper procedure in case of a motion to vacate a judgment of a previous term for irregularity in obtaining such judgment, requires that the court, upon the hearing of such motion, should first pass upon the ground of irregularity charged and if sustained and the defendant has shown what in law, if established, would be a defense, then order the judgment suspended until the cause should be tried on its merits; and it is error for the court upon hearing of such motion, to enter a final judgment of vacation. Lee v. Benedict, 82 OS. 302.

6. The court, in the instant case, followed this procedure by making an order of suspension instead of an order of vacation.

7. Upon the questions of irregularity and valid defense, there were no pre-judgment steps necessary in order to pronounce a judgment of suspension.

Judgment therefore reversed as to suspension of the judgment.

(Levine, PJ., concurs.)

Attorneys—Stanley & Horwitz for plaintiff; George S. Meyers for defendant; all of Cleveland.