MEYER ET AL. *v.* MEYER.
MEYER ET AL. *v.* MEYER.

*Court of Appeals—Error proceedings—Final order—Order suspending cognovit judgment rendered at previous term—Section 11631, General Code—Judgment entered for more than due plaintiff.*

1. Order suspending judgments rendered at previous term on cognovit notes, under Section 11631, General Code, *held* to be "final order," to which error could be prosecuted.
2. Under Section 11631, General Code, order suspending judgment rendered at previous term on cognovit notes and reserving case for trial on merits, on finding that by mutual mistake name of one of payees was omitted from notes, and there was due plaintiff only half amount for which judgment was taken, *held* proper.

(Decided March 21, 1927.)

ERROR: Court of Appeals for Wood county.

*Mr. N. R. Harrington,* for plaintiffs in error.
*Mr. E. M. Fries,* for defendants in error.

WILLIAMS, J. These proceedings in error were brought to reverse two separate judgments ren-

dered in the common pleas court of Wood county suspending judgments previously rendered on cognovit notes, upon warrant of attorney contained therein, at the January, 1926, term of court. The petitions for vacation or suspension of the judgments were filed at a subsequent term of court, under the ninth ground provided in Section 11631, General Code, which, in the following language, permits vacation or modification of judgment after term at which rendered:

"For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

The ground alleged in the amended petitions to vacate the judgments was that by mutual mistake the name of Clara L. Meyer was omitted from said notes, that they should have been made payable to Henry P. Meyer and Clara L. Meyer, and that there was due plaintiff only half the amount for which judgment was taken by plaintiff. These amended petitions then set forth the specific facts constituting such defense as to the amount due.

It is contended that the order of the court below in suspending the judgments was not a final order to which error could be prosecuted. We think it is settled law that it is such a final order. *Van Ingren* v. *Berger*, 82 Ohio St., 255, 92 N. E., 433, 19 Ann. Cas., 799; *Makranczy* v. *Gelfand, Adm'r.*, 109 Ohio St., 325, 332, 333, 142 N. E., 688.

It is claimed on behalf of the plaintiff in error that there was no ground for setting aside or suspending the judgments, and, further, that there was no valid defense to the actions disclosed by

the evidence. The procedure relating to relief after judgment, under Section 11631 *et seq.*, General Code, has been clarified and explained by decisions of the Supreme Court. *Bulkley* v. *Greene*, 98 Ohio St., 55, 120 N. E., 216; *Lee* v. *Benedict*, 82 Ohio St., 302, 92 N. E., 492.

In each of the instant cases the finding of the court was "that ground alleged for setting aside said judgment exists in that the defendant has a valid defense to this action." The ground alleged is that heretofore indicated and the court found that the ground existed and that the defense to the action was the same as the ground for setting aside the judgment, to wit, that there was in truth and in fact a less amount due to the plaintiff from the defendant than that claimed and for which judgment was taken.

We have examined the case of *Horwitz* v. *Murri*, 24 Ohio App., 109, 156 N. E., 420, decided by the Court of Appeals of Cuyahoga county, January 24, 1927, and find that it is not controlling in the instant case.

The court below did not err in suspending judgment and reserving the case for trial upon the merits.

*Judgment affirmed.*

RICHARDS and LLOYD, JJ., concur.