## No. 457

### MEYER, et v. MEYER, et.

Ohio Appeals, 6th Dist., Wood Co.

529a. FINAL ORDERS—Order of Common Pleas Court in suspending judgment is such a final order from which error may be prosecuted.

677. JUDGMENTS—Suspension of—Where judgment is taken upon warrant of attorney for more than was due the plaintiff, this constiutes ground for suspension of judgment after term under 11631 GC.

**First Publication of this Opinion**

WILLIAMS, J.

These proceedings in error were brought to reverse two separate judgments rendered in the Wood Common Pleas suspending judgments previously rendered on cognovit notes, upon warrant of attorney contained therein at the January 1926 term of court.

The petitions for vacation or suspension of the judgments were filed at a subsequent term of court, under the 9th ground in 11631 GC. which permits modification of the judgment after the term at which it was rendered "for taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

The ground alleged in the petitions to vacate was that by mutual mistake, the name of Clara L. Meyer was omitted from said notes and that they should have been made payable to Henry P. Meyer and Clara L. Meyer, and that there was only half the amount for which judgment was taken by plaintiff due to the plaintiff. The Court of Appeals held:

1. It is contended that the order of the court below in suspending the judgments was not a final order to which error could be prosecuted. We think it is settled law that it is such a final order. Van Ingen v. Berger, 82 OS. 255; Makranczy v. Gelfand, 109 OS. 325, 332 and 333.

2. It is claimed by plaintiff in error that there was no ground for suspending the judgments and that there was no valid defense to the actions disclosed by the evidence. The procedure relating to relief after judgment under 11631 GC. has been explained by Bulkley v. Green, 98 OS. 55; Lee v. Benedict, 82 OS. 302.

3. In each of the instant cases the court's finding was "that ground alleged for setting aside said judgments exists in that the defendant has a valid defense to this action," and the court found that the defense to the action was the same as the ground for setting aside the judgment, to wit: that there was in truth and in fact a less amount due to the plaintiff from the defendant than that claimed and for which judgment was taken.

4. The case of Horwitz v. Murri, 5 Abs. 134, is not controlling in the instant case; and the court below did not err in suspending judgment and reserving the case for trial upon the merits.

Judgment affirmed.

(Richards & Lloyd, JJ., concur.)

Attorneys—N. R. Harrington for plaintiff in error; E. M. Fries for defendant in error; all of Bowling Green.