BROCKMEYER, APPELLANT, *v.* CINCINNATI DOWEL & WOOD PRODUCTS CO., APPELLEE.

(No. 6173—Decided November 23, 1942.)

*Mr. James E. O'Connell* and *Mr. Cedric Vogel,* for appellant.

*Messrs. Dolle, O'Donnell & Cash,* for appellee.

Ross, J.   In the Common Pleas Court of Hamilton county, Ohio, an amended petition, answer, and reply were filed in the instant litigation.   The trial court, upon motion of the defendant, struck the reply, in form a general denial, from the files as a sham pleading, and rendered judgment for the defendant upon the pleadings.   From such action the plaintiff has appealed on questions of law to this court.   No bill of exceptions is presented.

Was the reply a sham pleading?

Could the trial court render judgment upon the pleadings presented?

Is a bill of exceptions necessary to determine the validity of either action of the court?

These are the questions presented to the court upon the present state of the record.   As they interlock, when addressed to the record, they will be considered together.

The last amended petition contained two causes of action—one based upon breach of contract of employment; the other based upon a claim for royalties for use of a patent alleged to be the property of plaintiff.

Among the several defenses in the answer to the amended petition was that of *res judicata.*   This defense reads as follows:

"By way of further answer and for a further defense to the causes of action set forth in said fourth amended petition, defendant alleges that all of the matters therein set forth are *res judicata* by reason of the fact that all of said matters were in issue before this court in a cause wherein the plaintiff was plaintiff and this defendant was defendant, said cause be-

ing known and numbered A-50343, filed with the clerk of this court on October 7, 1935; that said cause was heard by this court and judgment rendered therein on the merits thereof for this defendant."

Now, essentially, the allegations of ultimate fact in this defense are that all the issues in the instant action were litigated between the identical parties to a final judgment in favor of the defendant in a certain action in the Court of Common Pleas of Hamilton county, Ohio, designated only by a file number. It is interesting to note that the record shows that a demurrer to the defense was previously and properly overruled by the court.

As the case now stands the plaintiff, by his reply, has denied all the essential allegations of ultimate fact alleged in the answer to the fourth amended petition. Necessarily, such reply put such allegations in issue.

Reference is now made to the judgment of the trial court as the only present means of determining what took place in such court. The final entry of such court reads in part as follows:

"This cause came on this day to be heard on the defendant's motion to strike the reply of the plaintiff from the files as a sham and for judgment on the pleadings. Upon full consideration and after argument by counsel for both parties, plaintiff and defendant, the court finds said motion is well taken and hereby orders the reply of the plaintiff to the answer of the defendant stricken from the files on the ground that it is a sham, and pursuant to said order does hereby strike said pleadings, that is, said reply, from the files.

"Upon consideration of defendant's motion for judgment on the pleadings, the court finds the motion to be well taken and finds that defendant is entitled to judgment upon the statements in the pleadings "

Now it is true if the trial court had no evidence presented to it justifying the conclusion that, the reply

was a sham, its judgment could be reversed, if it constituted error prejudicial to plaintiff.

In its judgment entry, the trial court states: ''Upon full consideration.'' Consideration of what is not disclosed.

This court must either infer or presume that the trial court's conclusion was based upon a proper predicate, or that it was not so based. No rule governing review of judgments of courts of record is more firmly entrenched in our procedural law than that prejudicial error in a judgment must affirmatively appear in the record in order to justify a reversal of a judgment.

In *Makranczy* v. *Gelfand, Admr.,* 109 Ohio St., 325, 142 N. E., 688, paragraph one of the syllabus states:

''The proceedings of a lower court are deemed correct unless error affirmatively appears on the face of the record. Evidence to authorize the judgment will be presumed to have been received unless the record necessarily negatives it.''

See, also, 2 Ohio Jurisprudence, 658, Section 607.

In other words, validity and regularity of the judgment are presumed, this presumption carrying with it a presumption that a proper predicate existed for the action of the court. 2 Ohio Jurisprudence, 656, Section 605. These rules, therefore, eliminate recourse to an inference that the court did not have proper evidence or other matters presented to it, justifying its conclusion that the reply was a mere sham pleading. This court does not know whether the court had before it the records of the case claimed to be dispositive of the issues presented in the instant case, or whether it erroneously took judicial notice of the existence of such records. If it appeared upon examination of the records properly presented to the trial court upon the motion that the cases involved the same parties, the

same issues, that there was a valid final judgment in the previous action rendered upon the merits of the cause, without suggestion of fraud or collusion, by a court of competent jurisdiction, it would appear that the bare denial of such facts contained in the reply without any suggestion of a position of the plaintiff evading the conclusions of the claimed defense of *res judicata* would be insufficient to defend the reply against the charge that it was but a sham pleading. An examination of the record of the former litigation may or may not have shown such to be the case. These records are not before this court. Possibly, deference to a more regular procedure would require that the issues made by the reply and answer be formally presented to the court as such, but the result must have been the same. How then is the plaintiff injured by what at most may be charged as irregular procedure.

The entire difficulty with the present position of the plaintiff as appellant is that no bill of exceptions is presented to this court from an examination of which it might be determined that the trial court erred in its conclusions.

There can be no obligation on the defendant, appellee herein, to present a bill of exceptions, reenforcing the presumption in favor of the regularity of the judgment.

Thus viewing the matter, and for the reasons given, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., and HAMILTON, J., concur.