Stewart, J.
Although the briefs of plaintiff and defendant contain extensive arguments pro and con as to the justification of the trial court in setting aside the judgment and the verdict, in view of the conclusion at which we have arrived we do not reach that question.
We address ourselves only to the action of the Court of Appeals in dismissing plaintiff’s appeal on the ground that it was not predicated upon a final order, and, therefore, did not lie.
Prior to the adoption of the amendments of 1912, the Ohio Constitution delegated to the General Assembly exclusive authority to confer appellate jurisdiction on the Circuit Court, the predecessor of the present Court of Appeals, by providing that such court should have “such appellate jurisdiction as may be provided by law.”
The constitutional amendment of 1912 created the Courts of Appeals and provided that they should have “appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, Superior Courts *5 and other courts of record within the district as may be provided by law. ’ ’
In the case of Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, 111 N. E., 159, this court decided that the Court of Appeals acquired its appellate jurisdiction by the last above-quoted constitutional provision and that the General Assembly had no power either to enlarge or to limit that jurisdiction. That doctrine has been uniformly approved by this court since that time.
Although the 1912 amendment gave Courts of Appeals jurisdiction to review judgments, the term, judgments, was given a broad meaning by this court.
In Chandler & Taylor Co. v. Southern Pacific Co., 104 Ohio St., 188, 135 N. E., 620, the first paragraph of the syllabus reads:
“Such interpretation must be given a provision of the Constitution as will promote the object of the people in adopting it, and narrow and technical definitions of particular words should be avoided. In obedience to this rule the term 'judgments’ appearing in Section 6, Article IY of the Constitution as amended in 1912, is used in its broad and generally accepted meaning and not in that restricted meaning formerly given it by the Legislature in Section 11582, General Code. The term comprehends all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby.”
Thus, under the constitutional amendment of 1912, the Courts of Appeals had the jurisdiction to review judgments, including all decrees and final orders, and the General Assembly had no power to enlarge or limit the jurisdiction of the court.
In a long line of cases beginning with Conord v. Runnels, 23 Ohio St., 601, and running through Hoffman v. Knollman, 135 Ohio St., 170, 20 N. E. (2d), 221, this court held that the setting aside of a general ver *6 diet of a jury and the granting of a motion for a new trial does not constitute a final order and cannot be reviewed by an appellate court unless there is an abuse of discretion by the trial court in granting such motion.
In 1937, the General Assembly passed an amendment to Section 12223-2, General Code (117 Ohio. Laws, 615), effective August 23,1937, providing: “Vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order.”
In the Hoffman case, where that statute was under consideration, it is stated in the syllabus:
“2. An order of a trial court setting aside a general verdict of a jury and granting a new trial is not a final determination of the rights of the parties and is not, therefore, a judgment or final order reviewable by the Court of Appeals, unless it clearly appears that the trial court has abused its discretion in granting such order.
“3. The jurisdiction of the Court of Appeals is conferred by Section 6, Article IV of the Constitution, and cannot be enlarged or curtailed by legislative action.
“4. The amendment of Section 12223-2, General Code (117 Ohio Laws, 615), effective August 23, 1937, providing that ‘vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order,’ would, if given effect, enlarge the jurisdiction of the Court of Appeals, and is, therefore, in conflict with Section 6, Article IV of the Constitution.”
On November 7, 1944, an amendment of Section 6, Article TV of the Constitution, was adopted by the people, effective January 1, 1945. It provided, inter alia:
‘ ‘ The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders *7 of boards, commissions, officers, or tribunals, and of courts of record inferior to the Court of Appeals within the district * * *.”
After the effective date of that amendment, the General Assembly amended Section 11575, General Code, to read as follows:
“A new trial is a re-examination, in the same court, of the issues, after a final order, judgment or decree by the court.”
The General Assembly, at the same time it amended Section 11575, amended Section 11578 to read as follows:
“The application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence discover and produce at the trial. If a party was unavoidably prevented from filing an application for a new trial within such time, the court may in the interest of justice extend the time.”
Effective September 27, 1947, the General Assembly amended Section 11599, General Code, to read:
“When a trial by jury has been had and a verdict rendered, unless a motion for judgment notwithstanding the verdict shall have been filed, or the court orders the case reserved for future argument or consideration, a journal entry of judgment in conformity to the'verdict shall be approved by the court in writing and filed with the clerk for journalization.”
Effective the same date, Section 11599-1, General Code, was enacted which provides that no motion for judgment notwithstanding the verdict may be filed after a judgment’ in conformity to the verdict shall have been approved by the’court in writing and filed with the clerk for journalization.
*8 Section 12223-2, General Code, which had been declared unconstitutional in the Hoffman case, was amended effective September 30, 1947, to read:
“* * :,i an order vacating or setting aside a judgment and ordering a new trial, is a final order which may be reviewed, affirmed, modified or reversed, with or without .retrial, as provided in this title.
“When a court makes such order granting a new trial, setting aside or vacating such judgment, the court upon the request of either party, shall state in the order the grounds upon which the new trial is granted and the judgment vacated or set aside.”
Prom the above statutes, it is obvious that the General Assembly has attempted to provide that the granting of a motion for new trial, setting aside a judgment entered upon a verdict of a jury, is a final order from which an appeal may be taken to the Court of Appeals, and the question before us is whether that objective was within the power of the General Assembly.
It will be observed that under the latest appropriate amendment to the Constitution the Court of Appeals is given jurisdiction as may be provided by law to review judgments or final orders, and, although now the General Assembly may legislate as to the jurisdiction of the Court of Appeals to review, it still cannot enlarge that jurisdiction with reference to anything except judgments or final orders.
As we have said, under the 1912 amendment which gave jurisdiction to the Court of Appeals to review only judgments, this court determined that judgments included final orders so that the words, “final orders,” add nothing to judgments so far as courts inferior to the Court of Appeals are concerned.
The question which now confronts us is whether the enactment by the General Assembly providing for the entering of a judgment upon a verdict before the filing of a motion for a new trial clothes that judgment with *9 the attributes of a judgment or a final order, as those terms have been interpreted by this court.
When the constitutional amendment providing for an appellate review by Courts of Appeals only as to judgments and final orders was adopted in 1944, the people in voting upon the amendment must- have attributed to judgments and final orders the meaning which this court had declared and which obtained at the time of the submission of the amendment, and at that time assuredly the granting of a motion for a new trial, where there was no abuse of discretion by the trial court in granting it, was not a judgment or final order, even though the General Assembly had attempted to make it so.
The fact of entering judgment before the filing and consideration of a motion for a new trial does not constitute such a judgment as a final order, for the reason that the trial judge still has control of the judgment until either no motion for a new trial has been filed within the designated time or the court has passed upon such a motion.
In the Chandler case a judgment had been entered by default. The Court of Appeals had jurisdiction to review judgments and a motion to vacate the judgment had been filed within the term of its rendition. In the opinion, Judge Jones said:
“During that term the court had control of its journal entries, and any order made by it vacating a judgment and granting a new trial would not be erroneous unless there was an abuse of discretion upon the part of the court. * * *
“In the absence of such abuse, prejudicial to the plaintiff, there was no final order, for the plaintiff would have had a retrial of the case and might have obtained a judgment against the defendant.”
By the same line of reasoning the trial court in the present case had control of the judgment on the ver *10 diet until it passed upon the motion for a new trial, and since the granting of a new trial was not erroneous, there being no abuse of discretion upon the part of the court, there is no final order, for the plaintiff has the right to a retrail of the case in the same court and might well obtain a judgment against defendant.
In deciding the present case, the Court of Appeals considered that a judgment entered upon a verdict preceding a motion for a new trial is a mere pro forma judgment to which the motion is addressed, and it held that an order of a trial court vacating and setting1 aside a pro forma judgment and verdict of a jury and granting a new trial is not a final determination of the rights of the parties and is not, therefore, a judgment or final order reviewable by the Court of Appeals unless it clearly appears that the trial court abused its discretion in granting such order. That-holding seems reasonable and logical. If a new trial is granted, and there is to be a re-examination in the same court of the issues in a cause, the judgment or decree which has been set aside is no longer in effect and, therefore, there can be no appeal because the order granting the new trial is neither final nor does it constitute a judgment. It does not' determine the action.
In the present case, after the trial court overruled defendant’s motion for a judgment notwithstanding the verdict, a judgment was entered upon the verdict in accordance with Section 11599, General Code. Within ten days thereafter a motion for a new trial was filed by defendant in accordance with Section 11578, General Code.
When the trial court granted that motion, the judgment which had been entered in accordance with the verdict was no longer in existence and, therefore, there was no such judgment which could be reviewed. *11 The only thing which remains is the order granting the motion for a new trial and, as we held in the Hoffman case, that order is not, in the absence of abuse of discretion, a judgment or final order and cannot be reviewed by an appellate court.
Plaintiff refers in her brief to the long list of cases mentioned in the opinion in the Hoffman case, on pages 184, 185 and 186, in support of her claim that the order of the trial judge granting a new trial in the present case is final, but it will be noted that in each of those cases, with one exception, there was involved either the overruling of a motion for a directed verdict or the overruling of a motion for judgment notwithstanding the verdict, which was a final order.
The one exception is the case of Makranczy v. Gelfand, Admr., 109 Ohio St., 325, 142 N. E., 688, which is a case involving the vacating of a judgment of dismissal after the term in which the judgment had been rendered. A motion for new trial was not involved.
When the people amended Section 6, Article IV of the Constitution, by their vote on November 7, 1944, they could have given the General Assembly unlimited power to confer appellate jurisdiction on the Courts of Appeals, or they could have given the Courts of Appeals the authority to review orders granting motions for new trial. But they did not do so. They did enlarge the jurisdiction of Courts of Appeals by giving them appellate jurisdiction, as may be provided by law, to review judgments or final orders of boards, commissions, officers and tribunals, in addition to courts, but they still kept in the Constitution the provision that the review shall be confined to judgments or final orders.
Since the granting of a motion for a new trial, in the absence of abuse of discretion by the trial court, sets aside the judgment which has been entered in conformity with a jury’s verdict, and since that leaves *12 only the order granting the new trial, and since such order is not a judgment or final order and cannot be made so by legislative enactment, the Court of Appeals was correct in holding that “the amendment of Section 12223-2, General Code, effective September 30, 1947, providing that, ‘an order vacating or setting aside a judgment and ordering a new trial, is a final order,’ would, if given effect, enlarge the jurisdiction of the Court of Appeals to a review of other than judgments and final orders, to which the power of the Legislature is limited, and is, therefore, in conflict with Section 6 of Article IV of the Constitution.”
It follows that the judgment of the Court of Appeals must be and is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, and Taet, JJ., concur.
Zimmerman, Matthias, and Hart, JJ., dissent.