RUGGIERO, PLAINTIFF-APPELLEE, *v.* PESCOSOLIDO, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25738.   Decided June 28, 1962.

266

*Mr. A. H. Dudnik* and *Mr. J. E. Dempsey,* for plaintiff-appellee.

*Messrs. Johnson, Weston, Blackmore, Cory & Hurd, Mr. S. Burns Weston,* of counsel, for defendant-appellant.

(COLLIER and BROWN, JJ., of the Fourth District, DONAHUE, J., of the Seventh District, sitting by designation in the Eighth District.)

COLLIER, JJ. This is an appeal on questions of law from the judgment of the Common Pleas Court of Cuyahoga County rendered on a verdict of the jury in favor of Chris L. Ruggiero, plaintiff-appellee, herein called the plaintiff, against Arthur L. Pescosolido, defendant-appellant, herein referred to as the defendant.

The action arose as result of the plaintiff being struck by an automobile owned and operated by the defendant about 5:00 P. M., August 13, 1956, near the intersection of Harvard and Broadway Streets in Cleveland. In the trial of the case the jury returned a verdict in favor of Irwin B. Weiss, the other defendant named in the petition and he is not concerned with this appeal.

At the intersection of Broadway and Harvard Streets Broadway runs generally north and south and Harvard runs generally east and west. The plaintiff, a pedestrian, started in the south crosswalk to cross Broadway in a westerly direction. The defendant, Weiss, had been driving his car north on Broadway approaching this intersection, stopped at or near the south crosswalk for the red light. The Weiss car, which

was within about two feet of the center line of Broadway, crept forward until it blocked about three-fourths of the south crosswalk. The plaintiff then walked south to the rear of the Weiss car, then turned west around the rear of the Weiss car, looking at the traffic light which was still red for Broadway traffic and crossed the center line of Broadway about twenty feet south of the crosswalk. When he emerged from behind the Weiss car and was crossing the center line or a step or two beyond the center line to return to the crosswalk, he saw the defendant's car twenty-five to thirty feet north of him, "coming pretty fast." Other witnesses say the defendant's car was traveling thirty-five to forty miles per hour and passed through the intersection on the red light. When plaintiff saw the defendant's car, he attempted to jump back but was struck by the left front end of defendant's car and sustained the injuries of which he complains.

Under the assignments of error the defendant contends, 1) That the plaintiff was contributorily negligent as a matter of law in crossing Broadway outside the crosswalk, which was a proximate cause of the accident and resulting injuries; 2) That the verdict was against the manifest weight of the evidence; 3) That the court erred in refusing to give defendant's request for special written instructions before argument, Nos. 2 ,6, 7, 8 and 9; 4) That the court erred in giving special written instructions Nos. 1, 3 and 4, requested by the plaintiff; 5) That the court erred in its general charge to the jury.

1. The defendant claims that when the plaintiff attempted to cross Broadway outside the crosswalk, he violated Section 4511.50, Revised Code, which requires pedestrians to cross within the marked crosswalk and was negligent as a matter of law. This statute provides: "No pedestrian shall cross a roadway within a municipal corporation at a place other than a crosswalk except when crosswalks are an unreasonable distance apart." The plaintiff in the instant case started to cross Broadway within the crosswalk but deviated around the rear of the Weiss car when he found the crosswalk in front of him about three-fourths blocked with a creeping car. In our opinion this statute has no application to a situation such as this where the pedestrian finds the crosswalk blocked by traffic in or near the

middle of the street; that the statute applies only to pedestrians actually crossing a street at a location outside the crosswalk. When the plaintiff found the crosswalk blocked, he was confronted with several alternatives. The only question is, did he exercise ordinary care for his own safety, which is a question for the jury to determine. This assignment of error is overruled.

2. The next question is whether the verdict is against the manifest weight of the evidence. The record is voluminous, consisting of 1031 pages and any attempt to analyze the testimony would serve no useful purpose. It is conceded that the evidence on every material question is in conflict. Suffice it to say that the evidence is sufficient to support the verdict and it is well established that when the judgment is supported by competent, credible evidence a reviewing court has no authority to set aside such verdict. This assignment of error is overruled.

3. The third question is whether the court erred in refusing to give special instructions Nos. 2, 6, 7, 8 and 9, requested by the defendant. Each of these requested instructions is on the subject of contributory negligence and in each request the court was asked to charge the jury that if the jury found the plaintiff was guilty of the specific act or omission of negligence stated in the instruction and further found that such negligence proximately contributed, "in any degree" to cause the accident and plaintiff's injuries, the verdict must be for the defendant. Upon the court's refusal to give these instructions, the defendant submitted identical instructions designated as Nos. 2A, 6A, 7A, 8A and 9A, except the phrase, "in any degree" was deleted and the same were given to the jury. In the case of *Chesrown* v. *Bevier*, 101 Ohio St., 282, 128 N. E., 94, the court approved a charge on contributory negligence which used the phrase, "In the slightest degree," with the statement that the word, "any," was preferred. But in *Reep* v. *Greyhound Corp.*, 171 Ohio St., 199, 168 N. E. (2d), 494, the word, "slightest," in connection with a contributory negligence charge was held to constitute error. We see very little, if any, difference in the common sense use of the two words. Certainly the "slightest degree" would include and mean the same as "in any degree." It could not be a less degree regardless of which term is used. The trial court was correct in refusing to give

the instructions with the phrase, "in any degree" included. Furthermore, the error, if any, in our opinion, was corrected when the same instructions with the phrase, "in any degree" deleted were given. Basically and in substance the two series of instructions are the same. This assignment of error is over-ruled.

4. Did the court err in giving special instructions Nos. 1, 3 and 4, requested by the plaintiff? These charges, submitted by the plaintiff, read:

"You are instructed as a matter of law that if you find from the evidence that the proximate cause of plaintiff's injuries was the combined and concurrent negligence of the defendant, Arthur L. Pescosolido and Irwin B. Weiss, then plaintiff is entitled to a verdict in his favor against both defendants for his total damages, and you are in no way to apportion these damages between the defendants herein."

"You are instructed as a matter of law that a defendant in this case is liable to the plaintiff in damages for a negligent act or omission, if you further find from the evidence that such negligent act or omission was a proximate cause of injury to the plaintiff. In this connection, you are further instructed that if an injury is the natural and probable consequence or a negligent act or omission and an injury is such as should have been forseen in the light of all the attending circumstances, the injury is then considered under the law to be a proximate result of such negligent act or omission. It is not necessary that such defendant should have anticipated the particular injury. It is sufficient that his negligent act or omission is found by you as likely to result in an injury to someone under the attending circumstances."

"You are instructed as a matter of law that even if you find from the evidence that plaintiff himself was guilty of negligence at the time and place of his injuries, such negligence, if any, will not bar plaintiff from recovery unless you further find from evidence that such negligence was a proximate cause of such injuries. Proximate cause is used in law as distinguished from remote cause, and by remote cause is meant that cause which may have happened and yet no injury occurred, notwithstanding that no injury could have occurred if it had not happened; that cause which some independent force merely

took advantage of to accomplish something not the probable or natural effect thereof. If, in this case, therefore, you find from the evidence that any deviation by plaintiff from the painted crosswalk was merely a remote cause of plaintiff's injuries, then as a matter of law such deviation by plaintiff will not bar him from a recovery of his damages.''

The defendant claims that charges Nos. 1 and 3 are improper for the reason the jury was instructed to return a verdict for the plaintiff if it found that the negligence of the defendant was the proximate cause of plaintiff's injury without reference to plaintiff's contributory negligence and without stating that it must be the sole negligence of the defendant. A great number of special charges were requested and submitted by both parties, most of which were given. The court carefully explained to the jury that the special charges given before argument contained only a part of the law by which the jury would be guided in its deliberations; that the special charges were to be considered in connection with the general charge.

In determining whether an instruction is misleading, erroneous, inadequate or prejudicial, the entire instructions, special and general, must be considered. *Deckant* v. *City of Cleveland*, 155 Ohio St., 498, 99 N. E. (2d), 609; *Makraczy* v. *Gelfand*, 109 Ohio St., 325, 142 N. E., 688; *Spargus* v. *The Dayton Power and Light Co.*, 109 Ohio App., 37, 163 N. E. (2d), 786. Instructions Nos. 1 and 3, requested by plaintiff, standing alone would be erroneous, especially charge No. 3, which refers to ''a proximate cause,'' but when considered with the other special charges and the general charge on the subject of contributory negligence, which is correct and complete, these charges are not prejudicial.

The same statement applies to charge No. 4, requested by the plaintiff relating to proximate and remote cause. We are unable to agree with defendant's contention that the term ''remote cause'' has no relationship to the issues of negligence by the defendant and contributory negligence by the plaintiff. When this charge, as given, is considered in connection with all the other instructions given by the court on this subject, it is clear that the jury could not have been mislead. This assignment of error is overruled.

5. We have examined the general charge carefully and find

no substantial error therein in any respect as claimed by the defendant. The record shows that this case was very well tried by both the court and counsel. We find no error of sufficient consequence to require a reversal of the judgment and, therefore, the judgment of the Common Pleas Court is affirmed.

Judgment affirmed.

BROWN and DONAHUE, JJ., concur.