BOGANTZ ET AL., APPELLANTS, *v.* MANSFIELD GENERAL HOSPITAL, APPELLEE.

[Cite as Bogantz v. Mansfield Gen. Hosp., 1 Ohio App. 2d 253.]

(No. 874—Decided February 2, 1965.)

*Messrs. Calhoun, Benzin & Murphy,* for appellants.
*Messrs. Hauxhurst, Sharp, Cull & Kellogg,* for appellee.

BRYANT, J.  This is an appeal on questions of law in which the trial court sustained a motion for summary judgment, apparently on the basis of a series of affidavits and counter-affidavits, also a number of exhibits and evidence disclosed in deposition taken by the defendant of the plaintiffs, as on cross-examination.

Although a so-called bill of exceptions was filed and allowed by the trial court, neither the deposition, the affidavits nor any of the exhibits was attached, and the bill of exceptions appears merely to be a stenographic report of the arguments of the lawyers for and against the motion for summary judgment, with an occasional question or admonition by the trial court.

Under such circumstances, the reviewing court lacks the power to do other than affirm the court below.  In the case of *Smith* v. *Diamond Milk Products, Inc.* (1964), 176 Ohio St. 143, the syllabus reads as follows:

"In a personal injury case, where the trial court grants summary judgment for the defendant upon the pleadings, affidavit and deposition upon the ground of assumption of risk, and the plaintiff appeals and no bill of exceptions is filed, the reviewing court must affirm the judgment of the trial court, for the reason that the reviewing court cannot be certain that it has before it on the record all the documents, papers, depositions, affidavits and admissions which the trial court had before it and considered in reaching a decision."

In course of the opinion by O'Neill, J., at page 145, there appears the following:

"In the ordinary civil case, depositions or affidavits relating to the facts in the case do not become a part of the record on appeal simply because they are filed in the court below. Depositions must be incorporated into a bill of exceptions to be brought on the record before the reviewing court. *Knowlson* v. *Bellman,* 160 Ohio St. 359, in the fifth paragraph of the syllabus, holds:

" 'Where a decree of the Court of Common Pleas is appealed from to the Court of Appeals on questions of law and fact and the Court of Appeals hears and determines the controversy *de novo,* the latter court becomes the trial court, and where its decree is brought before the Supreme Court for review and there is no bill of exceptions in the Supreme Court prepared and filed in conformity with statutory requirements, which bill is necessary to disclose the errors complained of, the Supreme Court will either dismiss the appeal or affirm the decree of the Court of Appeals.'

"This rule should be applied in summary-judgment proceedings.

"It is only in this way that a reviewing court can know what the trial court considered in reaching its conclusions upon the questions of law which it decided. Only where there is an authenticated bill of exceptions signed by the trial court and certified, can a reviewing court be certain that it has before it on the record all the documents, papers, depositions, affidavits and admissions which the trial court had before it and considered in reaching a decision."

See, also, *Albrecht* v. *Estate of Noie* (1964), 177 Ohio St.

167, and *Wickham* v. *First Federal Savings & Loan Co.* (1964), 177 Ohio St. 170.

The single assignment of error of the plaintiffs, that the court below erred in sustaining the motion for summary judgment and awarding final judgment in favor of defendant, is, therefore, not well taken and must be overruled, the judgment of the court below must be affirmed, and the cause remanded.

*Judgment affirmed.*

McLAUGHLIN, J., concurring.

McLAUGHLIN, J., concurring. In the ordinary civil case, "the proceedings of a lower court are deemed correct unless error affirmatively appears on the face of the record. Evidence to authorize the judgment will be presumed * * * unless the record necessarily negatives it." See *Makranczy* v. *Gelfand*, 109 Ohio St. 325. "No rule governing review of judgments of courts of record is more firmly entrenched in our procedural law than that prejudicial error in a judgment must affirmatively appear in the record in order to justify a reversal of a judgment." See *Brockmeyer* v. *Cincinnati Dowel & Wood Products Co.*, 71 Ohio App. 514, at 517. See, also, *State, ex rel. Fulton,* v. *Halliday*, 142 Ohio St. 548, and *Jaffrin* v. *Di Egidio*, 152 Ohio St. 365.

This rule should be applied in summary judgment proceedings.

Upon application of this rule, even if we were to find that evidence in the bill before us was insufficient to support the judgment, we would be required to presume that other evidence was introduced justifying the conclusion of the court.

In the bill before us no error affirmatively appears and there is nothing therein that negatives the summary judgment granted by the trial court.

Under such circumstances, we can do ought but affirm.

RUTHERFORD, P. J., dissenting. Unlike those cases where there was no bill of exceptions, in this case we do have a bill of exceptions which has been certified by the court reporter and allowed by the trial judge as follows:

## "CERTIFICATE

"I hereby certify that I am the assistant official court reporter for said Common Pleas Court and that I wrote down and transcribed the proceedings taken at the hearing of motion of defendant for summary judgment; and that the foregoing transcript of said proceedings constitutes all the evidence introduced and received at the hearing of said motion of defendant for summary judgment; and that it is a true bill of exceptions.

Sue Solar

Assistant Official Court Reporter

"Received March 3, 1964.

James Mayer

TRIAL JUDGE

"Corrected and allowed this 5th day of March, 1964
James Mayer

TRIAL JUDGE

"Transmitted back to Clerk, March 5, 1964.
James Mayer

TRIAL JUDGE

"Received again by Clerk, March 5, 1964.
Howard Wenning, Clerk
by Virginia Knarr, Deputy

"Filed in Court of Appeals Court March 5, 1964.
Howard Wenning, Clerk
by Virginia Knarr, Deputy."

As can be readily gathered from the reading of the majority and concurring opinions, if we are limited to the content of the bill of exceptions filed it is not established that there is no genuine issue as to any material fact, and the defendant, who was the moving party, is not entitled to a summary judgment as a matter of law. The majority opinion goes outside of the bill of exceptions filed and makes reference to what the trial court apparently considered, although it was not included in

the bill of exceptions, and the concurring opinion goes outside the bill of exceptions as filed to support the judgment by indulging in a presumption. Upon my understanding of what the Supreme Court of Ohio has held, I cannot go along with either.

In the case of *Smith* v. *Diamond Milk Products, Inc.*, 176 Ohio St. 143, the Supreme Court of Ohio held:

"In a personal injury case, where the trial court grants summary judgment for the defendant upon the pleadings, affidavit and deposition upon the ground of assumption of risk, and the plaintiff appeals and no bill of exceptions is filed, the reviewing court must affirm the judgment of the trial court, for the reason that the reviewing court cannot be certain that it has before it on the record all the documents, papers, depositions, affidavits and admissions which the trial court had before it and considered in reaching a decision."

In the case *Albrecht* v. *Estate of Noie*, 177 Ohio St. 167, the Supreme Court restated this same holding as follows, at page 168:

"In order to rely upon such a contention [that there are substantial questions of fact which should be decided only by a jury], it would be necessary for plaintiff to show what the trial court had before it when it ruled upon the motion for summary judgment. A bill of exceptions would be necessary to show that. *Smith* v. *Diamond Milk Products, Inc.*, 176 Ohio St., 143, 198 N. E. 2d 72. Since there was no bill of exceptions, the judgment of the Court of Appeals must be reversed and that of the Common Pleas Court affirmed."

Also, see *Wickham* v. *First Federal Savings & Loan Co.*, 177 Ohio St. 170.

In all three of the cases I have cited the Supreme Court held that the Court of Appeals was in error in reversing, *without a bill of exceptions*, the judgment of the trial court.

In reference to the holding requiring a bill of exceptions, the Supreme Court, in its opinion in the case of *Smith* v. *Diamond Milk Products, Inc.*, 176 Ohio St. 143, cited the holding of the fifth paragraph of the syllabus in *Knowlson* v. *Bellman*, 160 Ohio St. 359, and said:

"In the ordinary civil case, depositions or affidavits relating to the facts in the case do not become a part of the record

on appeal simply because they are filed in the court below. Depositions must be incorporated into a bill of exceptions to be brought on the record before the reviewing court. * * *
* * *

"*This rule should be applied in summary-judgment proceedings.*

"It is only in this way that a reviewing court can know what the trial court considered in reaching its conclusions upon the questions of law which it decided. Only where there is an authenticated bill of exceptions signed by the trial court and certified, can a reviewing court be certain that it has before it on the record all the documents, papers, depositions, affidavits and admissions which the trial court had before it and considered in reaching a decision." (Emphasis added.)

In the case of *Hamlin* v. *McAlpin Co.*, 175 Ohio St. 517, the Supreme Court, in paragraph two of the syllabus, held:

"On motion for summary judgment, the burden of establishing that the material facts are not in dispute and that no genuine issue of facts exists is on the party moving for the summary judgment."

From the holdings of the case cited, I can only find that upon hearing on the motion for summary judgment the duty rests upon the movant, who has the burden of establishing that the material facts are not in dispute and that no genuine issue of facts exists, to offer as exhibits to be incorporated into the bill of exceptions those depositions, answers to interrogatories, admissions of genuineness of papers or documents, and affidavits, if any, which show that there is no genuine issue as to any material fact.

Interrogatories never have been considered in the determination of a cause unless introduced by the party desiring to use them. In regard to interrogatories, see Section 2309.45, Revised Code, which provides, in part:

"* * * On the trial, such answers, so far as they contain competent testimony on the issues made, may be used by either party."

Under the holding of the Supreme Court in *Smith* v. *Diamond Milk Products, Inc.*, 176 Ohio St. 143, interrogatories likewise may be offered by the party desiring to use them and made

a part of the bill of exceptions upon hearing of the motion for summary judgment, as may affidavits, depositions, etc.

The purpose of a bill of exceptions is to show what the trial court had before it when it entered the judgment from which the appeal is taken.

In this case the plaintiffs, appellants herein, have filed a bill of exceptions as required by the holdings of the Supreme Court. The content of that bill of exceptions does not establish that the material facts are not in dispute and that no genuine issue of fact exists. The Supreme Court having repeatedly held that we must have the bill of exceptions, now that we have such are we not to be guided by it? I think we are.

The defendant, who moved for the summary judgment and to whom summary judgment was awarded, having failed to sustain the burden of establishing that the material facts are not in dispute and that no genuine issue of fact exists, the judgment should be reversed and this cause remanded for further proceedings according to law.

BRYANT, J., of the Tenth Appellate District, sitting by designation in the Fifth Appellate District.