Stewart, J.
 

 There is but one question before this court. Did the trial court err to plaintiff’s prejudice in granting defendant’s special request to charge the jury before argument, as follows:
 

 “The court instructs you, as a matter of law, that the city of Cleveland is not an insurer of the safety of persons in the use of its streets. The city is not obliged to keep its streets in such condition that it is impossible for accidents to happen. The city cannot be held responsible for injuries caused by every depression, difference in grade, or unevenness in the streets.”
 

 The present case was tried upon the theory, so far as plaintiff is concerned, that plaintiff’s injuries were
 
 *502
 
 caused by defendant’s failure to comply with Section 3714, General Code, which reads:
 

 “Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, * * * within the corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
 

 It is plaintiff’s contention that the two-inch difference between the car rail and the street immediately adjacent thereto was the cause of the accident in which plaintiff was injured, and that defendant negligently violated Section 3714 in allowing such a condition to exist. On the other hand, it is defendant’s contention that the street was in a reasonably safe condition, that it was open, in repair, and free from nuisance and that the sole cause of the accident was the negligence of the driver of the automobile, in which plaintiff was a passenger, in losing control of his car upon a slippery, wet brick pavement and in a rainstorm so violent that it was impossible to see ahead or to observe the tracks.
 

 Plaintiff’s counsel, in the closing argument to the jury, said:
 

 “The real issue in this case is, was that condition out there in 1947 a dangerous condition, so as to constitute a nuisance? "We say it was. They deny emphatically that it was. We say that is the real issue.”
 

 It has long been settled in Ohio that a municipal corporation is not an insurer of the safety of its streets. It is charged with the duty of keeping them free from nuisance and in a reasonably safe condition for travel in the usual modes; and when they are in that condition the municipality is not chargeable with negligence although an accident occurs in the use of the streets.
 
 City of Dayton
 
 v.
 
 Glaser,
 
 76 Ohio St., 471, 81 N. E., 991;
 
 Gibbs
 
 v.
 
 Village of Girard,
 
 88 Ohio St., 34, 102 N. E., 299.
 

 
 *503
 
 In the latter case it is said in the fourth paragraph of the syllabus:
 

 “What is ordinary care, what is reasonable safety, and the like, are, in the first instance, usually questions for the determination of the jury under all the evidence and proper instructions by the court appropriate to the particular circumstances of each case and the issues thereof. ’ ’
 

 It is conceded that the general charge of the court in the present case was clear and without error, and the Court of Appeals in its opinion characterized the trial court’s charge as commendably correct.
 

 The special charge which the Court of Appeals found to be prejudicially erroneous was taken from the case of
 
 City of East Cleveland
 
 v.
 
 Wald,
 
 103 Ohio St., 373, 379, 133 N. E., 798.
 

 In the opinion there is a quotation as follows:
 

 “ ‘While a municipality must generally respond in damages for injuries caused by its negligence, acts, or omissions in connection with the streets and sidewalks under its care and control, it cannot be held responsible for injuries caused by every depression, difference in grade, or unevenness in the streets.’
 
 Cordish
 
 v.
 
 Bloom,
 
 Ct. of Appeals, Md., Mar. 1st, 1921 (113 Atl. Rep., 578).”
 

 In the present case the Court of Appeals said:
 

 “The jury could well infer from the last sentence of the requested charge (without the qualifying phrase found in
 
 Cordish
 
 v.
 
 Bloom, supra)
 
 that the defect was not such a difference in grade or unevenness in the street as would make the city responsible.”
 

 We cannot follow that reasoning.
 

 Where a plaintiff or a defendant offers a special instruction and requests the court to give it before argument to the jury, it is not required that the instruction be a full and complete exposition of the law applicable to the case on trial. It is essential that it be a correct
 
 *504
 
 statement of the law and that it be pertinent to one or more of the issues in the case being tried. If a further exposition of the law is desired, the party opposed to the one offering the special instruction has the privilege of offering special instructions of his own.
 

 The special instruction found to be. erroneous by the Court of Appeals is a correct statement of the law.
 

 The defendant is not, as a matter of law, an insurer of the safety of persons in the use of its streets; it is not, as a matter of law, obliged to keep its streets in such condition that it is impossible for accidents to happen; and it cannot, as a matter of law, be held responsible for injuries caused by every depression, difference in grade or unevenness in streets. Defendant can be held only for negligence in reference to the care of its streets; and whether a condition in the street constitutes negligence or the maintenance of a nuisance is usually a question for the determination of the jury, as it was in this case.
 
 Gibbs
 
 v.
 
 Village of Girard, supra.
 

 As a matter of fact, not only did the court in its general charge correctly instruct the jury as to defendant’s duty under the circumstances of the present case but the court gave to the jury before argument the following special instruction requested by plaintiff:
 

 “In this case the plaintiff alleges that she suffered injury as the proximate result of defendant’s negligence.
 

 “In considering this question you should keep in mind that there may be more than one proximate cause of an injury.
 

 “If, therefore, you find from a preponderence of all of the evidence in the case that the defendant maintained its streetcar tracks in St. Clair avenue in an unsafe and dangerous condition, so as to constitute a
 
 *505
 
 nuisance, and if such nuisance directly and proximately caused injury to the plaintiff, or that it directly and proximately contributed in the slightest degree to cause her injury, your verdict must be for the plaintiff.
 

 “And this would be true even though you should also find that Danley Payne, the driver of the automomobile in which plaintiff was riding, was also negligent, and that his negligence was also a direct and proximate cause of plaintiff’s injury.”
 

 Even if defendant’s special instruction, of which complaint is made, were incomplete although correct, its incompleteness would surely be cured by reading it in connection with the special instruction given at the request of plaintiff.
 

 Although an erroneous special instruction cannot be cured by a proper instruction in the general charge of the court to the jury, nevertheless in considering a special request which has been given it must be examined in connection with other special instructions given upon the same subject.
 

 In the case of
 
 Wymer-Harris Construction Co.
 
 v.
 
 Glass, Admx.,
 
 122 Ohio St., 398, 171 N. E., 857, 69 A. L. R., 517, a judgment on a verdict for the defendant in the trial court was reversed by the Court of Appeals for,
 
 inter alia,
 
 error in the giving of a special charge requested by the defendant.
 

 This court, in reversing the judgment of the Court of Appeals, said in paragraph two of the syllabus: “In considering a series of special requests to charge, given before argument, it is the duty of the court to consider each separate charge given in connection with all other separate charges given upon the same subject.”
 

 On page 406 of the report, it is stated in the opinion:
 

 “Defendant’s request No. 8 [the one the Court of Appeals found erroneous] is consistent with plaintiff’s requests Nos. 5 and 6, and elucidates the defini
 
 *506
 
 tion there given of proximate cause by distinguishing between proximate and remote cause; and the three requests as a whole constitute a correct and comprehensive definition pf proximate cause. The Court of Appeals fell into error by segregating in its consideration defendant’s request No. 8 from plaintiff’s requests Nos. 5 and 6.”
 

 Assuredly, in the present case, if defendant's special request No. 1 is considered with plaintiff’s special request, it will result in a correct and comprehensive exposition of the obligation of defendant under Section 3714, General Code.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weyoandt, C. J., Zimmerman, Middleton, Taft, Matthias and Hart, JJ., concur.