Taft, J.,
dissenting. In my opinion, the decisive question to be determined in the instant case is whether reasonable men could come to the conclusion that the *240 sidewall? upon which plaintiff fell was not “in a reasonably safe condition for travel in the usual and ordinary modes.'” This court has consistently held that there can be no recovery for injuries caused by a defect in a street if the street was “in a reasonably safe condition for travel in the usual and ordinary modes.”
Thus, in Taylor v. City of Cincinnati, 143 Ohio St., 426, 55 N. E. (2d), 724, 155 A. L. R., 44, paragraph five of the syllabus reads in part:
‘ ‘ The duty resting upon municipal corporations, under Section 3714, General Code, to keep their streets and other public ways open, in repair and free from nuisance, requires only reasonable care and vigilance, in view of all the surroundings, to keep such streets and ways in a reasonably safe condition for travel in the usual and ordinary modes, and does not exact that which is unreasonable or impracticable.” (Emphasis added.)
In Drake v. City of East Cleveland, 101 Ohio St., 111, 127 N. E., 469, paragraph one of the syllabus refers to “the obligation of a municipality to keep its public ways in a reasonably safe condition for public travel” and states that such obligation “exists with respect to such persons as travel the ways in the usual and ordinary modes.”
In Gibbs v. Village of Girard, 88 Ohio St., 34, 102 N. E., 299, paragraph one of the syllabus reads:
“1. Municipalities are not insurers of the safety of their streets and sidewalks, but are required to exercise ordinary care in keeping their streets and sidewalks in a reasonably safe condition for public travel, and a failure of duty in this respect is negligence. ’ ’ (Emphasis added.)
In City of Dayton v. Glaser, 76 Ohio St., 471, 81 N. E., 991, 12 L. R. A. (N. S.), 916, the syllabus reads:
“A municipal corporation is charged with the duty of keeping its streets free from nuisance and in a rea *241 sonably safe condition for travel in the usual modes, but it is not an insurer of the safety of persons using them, and when they are in that condition it is not chargeable with negligence, although an accident happens in the use of the streets.” (Emphasis added.)
In City of Troy v. Brady, 67 Ohio St., 65, 65 N. E., 616, the syllabus reads:
“In the trial of an action to recover from a municipality damages sustained by reason of an alleged defect in a bridge, a special finding by the jury that at the time of the accident the bridge was in a reasonably safe condition for travel in the ordinary mode entitles it to a judgment, notwithstanding a general verdict to the contrary.” (Emphasis added.)
In the opinion by Shauck, J., it is said at page 69:
“When a bridge, and a street of which it is a part, are in a reasonably safe condition for travel in the ordinary mode, they are free from nuisance.” (Emphasis added.)
In Deckant v. City of Cleveland, 155 Ohio St., 498, 99 N. E. (2d), 609, it is said in the opinion by Stewart, J., at page 502:
“It has long been settled in Ohio that a municipal corporation is not an insurer of the safety of its streets. It is charged with the duty of keeping them free from nuisance and in a reasonably safe condition for travel in the usual modes; and when they are in that condition the municipality is not chargeable with negligence although an accident occurs in the use of the streets.” (Emphasis added.)
In City of Dayton v. Glaser, supra, the facts and the holding of the court are well disclosed by the following language from the opinion:
“The duty is to make the streets reasonably safe for travel in the ordinary modes, and the inquiry should be, not was there some defect or obstruction in the street, but, was the street, in the condition it was *242 proven to have been in, with the defect or obstruction, in a reasonably safe condition for travel in the ordinary modes at the time the accident happened, and was the accident the natural and probable result of the use of the street in that condition, and one that should have been foreseen by those charged with the duty of maintaining the street * * *.
“The street on which the accident happened had been paved with asphalt, which was two and one-half inches thick upon a concrete base, and had been worn out and broken out in many places, and the wheels of vehicles as they would drop into these places wore them deeper, so that there were many holes in the street from one to four inches in depth, and some of them extending over three or four square feet of the surface. * * * one of the front wheels [of a grocery-man’s wagon] ran into one of the holes or depressions in the street, causing the injury, as already stated. * * * we are of the opinion that the street was in a reasonably safe condition and that the accident or any accident, was not the natural or probable result of using the street, and such as should have been foreseen.
“The street had been for a long time in this condition, it was much traveled daily and no other accident had resulted from its use. Without stirring outside of the statehouse grounds like holes may be found in the walks.” (Emphasis added.)
From the opinion and from the syllabus, it is apparent that the decision in Gibbs v. Village of Girard, supra, was based upon the so-called scintilla rule. The reasons supporting the decision vanished with the overruling of the cases relied upon in that opinion as establishing that rule with respect to submission of cases to the jury. See Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 475, 478, 189 N. E., 246.
*243 The difficulties which some of the courts of this state seem to have had in applying the law in this kind of a case have arisen largely from their failure to recognize that there must be something more than a proximate causal relationship between a plaintiff’s injuries and a defective condition of the street which the defendant municipality knew of or should have known of. The courts have a further duty in such ‘a case to determine whether the evidence was such as to justify a reasonable conclusion that, by reason of such defective condition, the street was not “in a reasonably safe condition for travel in the usual and ordinary modes.”
Obviously any difference in grade between two adjacent parts of a street may involve a potential danger of injury to a pedestrian. For example, the usual substantial difference in grade between a sidewalk and a street at the curb may involve such a danger. It would hardly be contended that such a potential danger would ordinarily justify liability of a municipality for injuries caused thereby. Likewise, the difference in grade involved in ordinary steps which are in perfect condition may involve such a danger. Here, again, it would hardly be contended that such a potential danger would justify liability of a municipality for injury caused thereby. Also, we all know that injuries often result even from falls on sidewalks where there are no defects at all.
Of course, the question whether a street is “in a reasonably safe condition for travel in the usual and ordinary modes” is ordinarily a question of fact for determination by the jury as the trier of the facts. Gibbs v. Village of Girard, supra (paragraph four of syllabus). However, where reasonable minds can come to only one conclusion on such a question of fact, it is the duty of the trial court to determine that question of fact in accordance with that conclusion; and it is *244 error for the trial court to give the jury an opportunity to determine it otherwise. Hamden Lodge v. Ohio Fuel Gas Co., supra.
In my opinion, the vague and indefinite evidence in the instant case as to defects in the sidewalk where plaintiff fell was not such as to justify, without a substantial speculation as to the nature and extent of those defects, a conclusion by reasonable minds that that sidewalk, lighted as it was, was not “in a reasonably safe condition for travel” on foot, which was admittedly the “usual and ordinary” mode of travel on that part of the street.
Middleton and Hart, JJ., concur in the foregoing dissenting opinion.