HADDAD et, Plaintiffs-Appellees, v. JAHN, Defendant-Appellant.

Ohio Appeals, Fourth District, Washington County.

No. 257.    Decided October 28, 1960.

*Messrs. Fogle & Fogle*, for appellant.
*Mr. Robert L. Hausser* and *Mr. T. Blake Summers*, for appellee.

For further history see *Omnibus Index* in bound volume.

COLLIER, J.   This appeal on questions of law is directed to the judgment of the Common Pleas Court of Washington County rendering judgment on the verdict of the jury in favor of the plaintiff-appellee.   The action arose as a result of a collision between the automobiles which were being driven by the plaintiff-appellee, Isaac C. Haddad and the defendant-appellant, Fred A. Jahn, on January 6, 1959.   The parties will be referred to herein in the same relation they appeared in the Common Pleas Court as the plaintiff and defendant.   Two other parties were joined as parties plaintiff in the action below but their claims are not involved in this appeal.

The defendant sets forth nine assignments of error but the principal errors urged are that the trial court erred in refusing to give special instruction No. II requested by the

defendant, that the trial court erred in giving special instructions "H" and "J" requested by the plaintiff, and that the trial court erred in the admission of an answer to a hypothetical question propounded by counsel for the plaintiff.

In the second defense of defendant's answer, he averred that the collision occurred while he had unavoidably lost consciousness from an unforseeable cause. The defendant requested the court before argument to give to the jury two special instructions on this issue as follows:

"No. I.

"Where a driver of an automobile is suddenly stricken by illness, which he had no reason to anticipate, whereby he was rendered unconscious, or 'blacks out' and as a proximate result loses control of the automobile and injury is thereby caused to another, such circumstances do not establish actionable negligence against the driver."

"No. II.

"Where the driver of an automobile is suddenly stricken by a period of unconsciousness which he has no reason to anticipate and which renders it impossible for him to control the car he is driving, he is not chargeable with negligence as to such lack of control."

Instruction No. I was given and instruction No. II was refused. In this ruling the trial court was correct. It is well settled in Ohio that it is not prejudicial error to refuse special requests before argument when the substance of such charges has been embodied in other requests given before argument. The giving of duplicate charges unduly emphasizes the issue and is prejudicial to the opposite party. *Limbaugh* v. *Western Ohio Rd. Co.*, 94 Ohio St., 12; *The American Steel Packing Co.* v. *Conkle*, 86 Ohio St., 117, 99 N. E., 89; *American L Pipeline Co.* v. *Kennerk et al.*, 103 Ohio App., 133. This assignment of error is overruled.

Ten special requests to charge were given on behalf of the plaintiff, the last four of which relate to the element of damages. The defendant contends charges "H" and "J" were erroneously given. These special charges read as follows:

"If you find, by a preponderance of the evidence that this accident was caused by the negligence of the defendant, Fred

A. Jahn, and without contributory negligence on the part of the Plaintiff, Isaac C. Haddad, then you shall include, as a part of the recovery, an amount sufficient to compensate said plaintiff for his resulting loss of earnings to date, and to compensate him for such loss of his inability to prosecute his vocation of traveling wholesale grocery salesman or in other occupations for which he is fitted by the temperament, education, and physical capability.''

''If you find, by a preponderance of the evidence, that this accident was caused by the negligence of the defendant, Fred A. Jahn, and without contributory negligence on the part of the Plaintiff, Isaac C. Haddad, then you shall include as a part of his recovery, the medical, hospital and X-Ray expenses reasonably incurred by the Plaintiff to date, and reasonably certain to be incurred by him in the future for treatment and care of such injuries.''

''Such recovery would include the value of his eye-glasses destroyed in the collision.''

The defendant claims that charge ''H'' is inadequate and improper for the reason it wrongfully assumes that the defendant was negligent, the present loss of earnings and that the plaintiff would be unable to prosecute his vocation in the future; that charge ''J'' by the language used assumes that the plaintiff incurred hospital and X-Ray expenses and that it is assumed that it was reasonably certain that plaintiff would incur additional expenses in the future; that these facts were in dispute and the instructions were inadequate without the use of qualifying language such as, ''if any,'' in each of these charges and an instruction on the reasonable certainty of future damages.

The record discloses that charges ''H'' and ''J'' are two of a series of four special instructions relating to the measure of damages submitted by the plaintiff and given by the court. If charges ''H'' and ''J'' were standing alone and considered independently, we would be inclined to agree with the defendant that they are inadequate. But, when we consider these charges with the other special instructions and the general charge of the court, we reach a different conclusion.

In submitting the special charges, the trial court instructed

the jury that the special instructions and the general charge would be considered together and as a whole would constitute the law by which the jury would be governed in its deliberations. Special instructions do not have to contain a full and comprehensive statement of the law if they clearly state the law pertinent to an issue in the case.

The general charge on the question of damages in the instant case is full and complete and clearly states the law and, when considered with all the special charges, we feel certain that the jury could not have been misled in the instructions on the measure of damages. In *Deckant* v. *City of Cleveland,* 155 Ohio St., 498, 99 N. E. 2d, 609, it is held:

"Where a special instruction to a jury is requested, which instruction is correct as to the law but is claimed to be erroneous because not full and complete, it is the duty of the court to consider such instruction in connection with all the other special instructions given upon the same subject."

See also *Makraczy* v. *Gelfand,* 109 Ohio St., 325, 142 N. E., 688. And, *Spargur* v. *The Dayton Power and Light Co.,* 109 Ohio App., 37, Syllabus 5, of which reads:

"The adequacy of a special instruction given to a jury before argument is determined by considering all its various parts, by considering it together with all other special instructions on the same subject, or by considering it together with the general charge on the same subject. If the special instruction, as so considered, fully and clearly explains to the jury what the applicable law is, the giving of such special instruction is not prejudicial."

We find no prejudicial error in giving charges "H" and "J."

Counsel for defendant objected to a hypothetical question propounded by counsel for plaintiff to the witness, Dr. H. P. Worspell. The trial court overruled the objection with the following comment:

"However, the jury will disregard it if the jury finds that certain facts have been assumed in that question which are not in evidence."

The defendant claims this was an erroneous statement of the law by the court; that it was the duty of the court, and not

the jury, to determine whether or not all the facts which the witness was asked to assume as true were established by the evidence.

In propounding a hypothetical question, all that is required is to incorporate in the question the evidence submitted which tends to prove the pertinent facts claimed. It is the duty of the trial judge to determine whether evidence of such facts has been introduced but the trial judge is not required to determine whether such facts have been established. The facts may be in dispute and, if so, it is the function of the jury to determine where the truth lies. If the jury finds that the facts stated in the hypothetical question are not supported by a preponderance of the evidence, the opinion of the expert is of no value and may be disregarded by the jury. The court determines the competency of the evidence but the jury determines the weight and value to be given to such testimony. 21 Ohio Jurisprudence 2d, pg. 447, reads:

"The jury should not take for granted that the statements of fact contained in the question to the expert witness are true, but should determine from the evidence which, if any, of those statements are true."

In *Haas et al,* v. *Kundtz,* 94 Ohio St., 238, 115 N. E., 826, the first paragraph of the syllabus reads:

"Where an opinion of an expert witness is given on a trial to a jury in answer to a hypothetical question, the court should instruct the jury that it is incumbent on the party calling the witness to establish by a preponderance of the evidence the premises included in the question."

An examination of the record discloses there is some evidence tending to prove all the facts the witness was asked to assume as true. We find no error either in the admission of the answer or the statement of the court.

We have examined the entire record and considered all of the assigned errors and find no error of sufficient consequence to deny the defendant a fair trial and thus require a reversal of the judgment.

The judgment must be and hereby is affirmed.

Judgment affirmed.

GILLEN, P. J., and RADCLIFF, J., concur.