OGLESBY, PLAINTIFF-APPELLEE, v. CLEVELAND (CITY), DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25757. Decided April 5, 1962.

*Messrs. Rollins & Mosesson*, for plaintiff-appellee.

*Messrs. Marshman, Hornbeck, Hollington, Steadman & Mc-Laughlin, Mr. Edwin Knachel*, of counsel, for defendant-appellant.

(HUNSICKER, P. J., and DOYLE, J., of the Ninth District, and HILDEBRANT, J., of the First District, sitting by designation in the Eighth District.)

HILDEBRANT, J.   Plaintiff recovered a verdict and judgment for $11,200.00 for personal injuries received when the vehicle he was operating was struck from the rear by a city bus.

Plaintiff alleged and proved that at the time of the accident he suffered from severe emphysema and alleged, as part of his injuries, an acceleration and aggravation of that chronic pre-existing condition.

Over defendant's objection, the Court granted plaintiff's written request to charge No. 1 before argument, as follows:

"In the event you find for the plaintiff in determining damages you should take into consideration the physical pain and suffering and the mental anguish the plaintiff has undergone, and such as he is reasonably certain to suffer in the future as the direct and proximate result of the injury sustained. You will consider, therefore, all the testimony upon the question of pain and suffering, and the extent of the injury sustained."

The submission of this charge in writing to the jury constitutes the sole assignment of error on the part of defendant.

Appellant argues the vice in the charge to be that the Court had the duty in its general charge of charging on two elements of damage, to-wit: injuries caused by the accident, enumerating the alleged new injuries and, also, a charge on aggravation of the pre-existing emphysema. Further, that the manner of inserting the word "undergone" rendered the charge ambiguous in failing to state undergone in the past and tended to mislead the jury into interpreting the charge as giving plaintiff a right to recover for pain and suffering from emphysema undergone prior to the accident.

With this argument the Court cannot agree.

It will be noted that the special charge does not purport to be a full and comprehensive charge on all the law and elements of damages applicable to the case but is confined to the element of damages for pain and suffering only. It is well settled in law that physical pain and suffering is a proper element of damages. In *Deckant* v. *City of Cleveland*, 155 Ohio St., 498, it is stated in syllabus 1:

"If a special instruction given by the court under Section 11420-1, General Code, correctly states the law pertinent to one or more of the issues of the case, the giving of it does not constitute error even though it is not a full and comprehensive statement of the law."

We, therefore, conclude that the charge, confined to the

element of pain and suffering as given, was not rendered erroneous by the failure to include a charge on the subject of aggravation of a pre-existing injury.

In its general charge on the subject of aggravation, the Court said:

"Mr. Oglesby claims that a pre-existing condition, emphysema, existed before the accident, and that this pre-existing lung condition was aggravated or made worse by this accident. Obviously, you cannot compensate or could not compensate Mr. Oglesby for any pre-existing condition that existed before the accident; but, if he is entitled to recover in this case, he is entitled to be compensated for any appreciable aggravation and such suffering and expenses as are incidental to such aggravation, appreciable aggravation as may have been caused by this accident."

Referring to the claimed ambiguity in the charge by use of the word "undergone," from the standpoint of its English composition, it may be said that in this sentence you have a simple subject with a compound phrase. Then, following the comma, you have a conjunction which introduces a compound predicate. In addition, the words, "such as," which form an explanatory coordinating conjunction introducing or explaining a particularization indicate that consideration of the physical pain and suffering and the mental anguish the plaintiff has undergone as well as that physical pain and suffering and mental anguish that plaintiff is reasonably certain to suffer in the future as the direct and proximate cause of the injuries sustained, both will be taken into consideration.

As the Court reads that charge, it refers to physical pain and suffering and mental anguish the plaintiff has undergone as the direct and proximate cause of the injuries sustained, one of them being aggravation of a pre-existing condition, as well as physical pain and suffering and mental anguish that plaintiff is reasonably certain to suffer in the future as the direct and proximate cause of the injuries sustained.

In its general charge, the Court uses the word "Obviously" in telling the jury they could not consider nor compensate for pain and suffering attributable to a pre-existing condition prior to the date of the accident and not caused by an injury

received in the accident; appellant argues in its brief, ". . . it is obvious that the defendant would not be responsible in damages for any pain and suffering arising from the disease of emphysema from 1954 to April of 1957 which was the date of the accident." This Court, therefore, is unable to see how the claimed ambiguity in the use of the word "undergone," could or would mislead the jury in awarding damages for pain and suffering prior to the date of the accident.

This Court is committed to the proposition that prejudicial error in a special charge may not be obviated by a correct general charge on the same issue, but it is the duty of the Court to consider the special charge as stated in syllabus 2 of the *Deckant case, supra,* and also in connection with the general charge as given.

We feel applicable here is the case of *Makranczy* v. *Gelfand,* 109 Ohio St., 325, wherein it is stated in syllabus 4:

"Where a record discloses instructions before argument, given at plaintiff's request, which are a correct statement of the law from plaintiff's standpoint, but do not cover every branch and feature of the case, including effect of affirmative defenses, but such affirmative defenses are fully covered in the general charge, the giving of such special instructions before argument is not prejudicially erroneous."

Also, quoting from the same case at page 338, the Court states:

"Thus, when the entire instructions, both before and after argument, are taken in conjunction, we feel that the jury were properly instructed in the premises, and that no prejudicial error intervened by reason of the special requests before argument."

There is no claim made here that the verdict was excessive.

From the foregoing, we conclude there was no error prejudicial to the appellant in the giving of plaintiff's special charge No. 1, and the judgment, therefore, is affirmed.

HUNSICKER, P. J., and DOYLE, J., concur.