Matthias, J.
The question involved in this ease is the correctness of two written instructions which were submitted to the jury by the trial court. The Court of Appeals held that the instructions were erroneous in that they directed the jury to find for the plaintiff, without considering contributory negligence. In addition, the issue is squarely before us whether we should approve or disapprove paragraph four of the syllabus of the Makranczy case.
*471 The instructions in the instant case read as follows:
Special charge No. III.
“The court charges the jury that the defendant in this case rented a portion of the premises owned by him to Alice Earhart, a tenant, and that the porch and steps thereof were furnished by him to be used by the tenant, Alice Earhart or her guests, invitees or employees; that it was the legal duty of the defendant to exercise ordinary care to keep the said steps to said porch in a reasonably safe condition, and if you find that he failed so to do, he would be guilty of negligence, and if such negligence proximately caused the injuries to Hilda Lackner, you should find for the plaintiff-and against the defendant.”
Special charge No. IV.
“The court charges the jury that where a porch and steps leading thereonto are provided, maintained and controlled by a landlord for the use of the several tenants of his building and are thus used, he is, in general, liable for injuries arising from his negligence, if any, to keep the same in proper repair; such duty and liability extend not only to the tenant himself but also to the invitees or guests of the tenant.
“The court charges the jury that if the defendant in this case failed to use ordinary care in maintaining the steps to the porch of 62 Van Lear Street in a reasonable and safe state of repair, and if such failure to repair was the proximate cause of the injuries of the plaintiff therein, then your verdict must be for the plaintiff and against the defendant.”
Immediately preceding these, the court gave two instructions requested by the defendant.
Special charge No. I.
“I charge you, that if you find that Hilda Lackner was negligent, and you further find that such negligence contributed, even in the slightest degree [see Beep v. Greyhound Gorp., 171 Ohio St., 199] to the direct and proximate cause of her fall, then your verdict must be for the defendant Burns.”
Special charge No. H.
“I charge you that even if you should find that Mr. Burns was negligent in failing to provide proper lighting on the porch or keeping the steps in repair, your verdict must be for him and not for Hilda Lackner, if you also find that she was negligent *472 in some manner which proximately contributed to her fall and resulting injury.”
The procedure for special instructions in Ohio is found in Section 2315.01(E), Revised Code. This section provides that either party, at the close of the evidence, may present written instructions to the court and request that they be given to the jury before closing arguments. It is well settled that an instruction under such section need not cover every issue involved in the case in order to be proper.
“If a special instruction given by the court under Section 11420-1, General Code [Section 2315.01, Revised Code], correctly states the law pertinent to one or more issues of the case, the giving of it does not constitute error even though it is not a full and comprehensive statement of the law. ’ ’ Paragraph one of the syllabus of Deckant v. City of Cleveland (1951), 155 Ohio St., 498. See, also, paragraph. one of the syllabus of Hunter v. Brumby (1936), 131 Ohio St., 443; paragraph four of the syllabus of Makranczy v. Gelfand, supra, and Swing, Trustee, v. Rose (1906), 75 Ohio St., 355, 369.
In deciding whether the trial court acted correctly in giving a specific instruction, a reviewing court should consider it in conjunction with the other charges given. If all the instructions on the subject constitute a complete definition when read together, the fact that one such instruction, standing alone, omits a certain element does not make the giving thereof prejudicial error.
“Where a special instruction to a jury is requested, which instruction is correct as to the law but is claimed to be erroneous because not full and complete, it is the duty of the court to consider such instruction in connection with all other special instructions given upon the same subject.” Paragraph two of the syllabus of Deckant v. Cleveland, supra. See, also, paragraph two of the syllabus of Wymer-Harris Construction Co. v. Glass, Admx. (1930), 122 Ohio St., 398; and 5 American Jurisprudence (2d), 333, Appeal and Error, Section 894.
In the instant case, the instructions requested by plaintiff did not cover the issue of contributory negligence. However, the court not only covered the subject in its general charge but also, immediately preceding the instructions in question, gave *473 the jury two special instructions on contributory negligence at the request of the defendant.
Special instructions offered to and accepted by the court to be given to the jury before argument are presented to the jury as coming from the court. They are not presented as proposals of either the plaintiff or defendant. The instructions are read together and become a charge of the court to the jury before argument to be considered along with the general charge of the court.
The instructions requested by the plaintiff, together with those requested by the defendant and the general charge given by the court, constituted a correct and comprehensive definition of the issue of negligence and contributory negligence. On hearing the total charge, the jury knew that if defendant was negligent and plaintiff contributorily negligent, and such contributory negligence was a proximate cause of her injuries, its verdict would have to be for the defendant.
In the Makranczy case, this court had to consider two charges requested by the plaintiff and given by the court. The charges were substantially the same as those given in the instant case. The issue involved there was identical to that presented here, i. e., whether a jury may be instructed to return a verdict for the plaintiff if it finds the defendant negligent, without considering the issue of contributory negligence. This court upheld the trial court, saying, in paragraph four of the syllabus:
“Where the record discloses instructions before argument, given at plaintiff’s request, which are a correct statement of the law from plaintiff’s standpoint, but do not cover every branch and feature of the case, including effect of affirmative defenses, but such affirmative defenses are fully covered in the general charge, the giving of such special instructions before argument is not prejudicially erroneous.”
Ordinarily, we would need to go no further. Since the facts and issues in the Makranczy case are so similar to those in the instant case, we would ordinarily follow stare decisis and reverse the judgment of the Court of Appeals on the basis of that case. However, the Court of Appeals in this case held that the charges were incorrect and not merely incomplete. In certifying the *474 record to this court, the Court of Appeals requested that we re-examine the law laid down in the Makrancsy case, in connection with the charges involved here.
We find that the charges given are correct as far as they go. Negligence and contributory negligence are separate and distinct legal issues. A correct and complete definition of negligence can be given without mentioning contributory negligence. Contributory negligence is a matter of defense. In effect, such defense admits that the defendant’s conduct caused the plaintiff’s injuries but says that recovery should be denied because the conduct of the plaintiff was a concurrent cause.
The elements necessary to constitute a cause of action for negligence are a legal duty to conform to a standard, a failure to conform to that standard, a reasonably close causal connection between the conduct and the resulting injury, and actual loss or damage resulting to the interest of another. Prosser, Torts (2 Ed.), 165. Special instructions numbers III and TV" cover these elements properly. Therefore they are a correct definition of the law regarding negligence.
It has been argued that requiring the inclusion of contributory negligence in such instructions would give the jury a better picture of the law to be applied in reaching its verdict. Such a requirement would unduly handicap a plaintiff and could easily mislead the jury by giving undue emphasis to matters of defense. There is no logical distinction between affirmative defenses. If a plaintiff were to be required to include contributory negligence in his requested instructions then he would also be required to negative any other possible defense. Thus in a tort case, where the pleadings and evidence support them, a plaintiff to obtain an instruction would be required to include a reference to contributory negligence, assumption of risk, the capacity of the defendant, the existence of a privilege, the statute of limitations, res judicata, etc.
Even in cases where only one defense is involved, to require the plaintiff to include it in each of his requested instructions would put him at a disadvantage. The defense would | draw the jury’s attention away from the principle of law that the plaintiff is attempting to stress. In addition it would tend to overemphasize the importance of the defense. It would prob *475 ably be tbe subject of a special charge by the defendant besides being repeated in each of the plaintiff’s instructions. Its repetition might easily cause the jury to give it unwarranted weight in reaching a verdict.
We, therefore, reaffirm the principle set forth in paragraph four of the syllabus of the Makranczy case. The judgment of the Court of Appeals is, therefore, reversed, and the judgment of the Common Pleas Court is affirmed.

Judgment reversed.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.